# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MICHAEL S. OWL FEATHER-GORBEY　*

Petitioner　*

v　*　Civil Action No. RDB-19-788

STATE OF MARYLAND　*

Respondent　*

\*\*\*

## MEMORANDUM OPINION

This Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 was received by this Court on March 13, 2019. Self-represented Petitioner Michael Gorbey, an inmate committed to the custody of the Federal Bureau of Prisons and incarcerated at the Federal Correctional Institution in Cumberland, Maryland, following his criminal conviction in the District of Columbia, seeks to challenge the validity of his transfer across State lines into the State of Maryland. ECF 1. In essence, he is asserting that § 24-201.26 of the D.C. Code is unconstitutional and otherwise illegal. *Id.* Gorbey raises six grounds for relief:

1. D.C. State Prisoners have no avenue of relief in D.C. Federal Courts or directly to other Federal Courts.
2. Transporting or extraditing of State prisoners across State lines resorts (sic) in the same constitutional violations, due process, equal protection of law.
3. D.C. Superior Court prisoners are State prisoners entitle[d] to State law review.
4. D.C. State Code or laws have no binding effect on the State of Maryland.
5. Under Maryland and Federal law D.C. Code § 24.201.26 allowing D.C. State prisoners to be transported or extradited across state lines is illegal and unconstitutional making those prisoners fugitives from justice entitling them to Maryland State habeas relief.
6. Transporting or extraditing D.C. State prisoners outside of D.C. territorial jurisdiction gives them irrevocable asylum in the receiving State.

ECF 1 at p. 3.

The majority of the 17 page petition contains Gorbey's legal argument and conclusions regarding whether his incarceration in a federal prison in Maryland confers on him the right to seek habeas relief in the Maryland courts. Gorbey relies on his legal theories to conclude that the Maryland state courts improperly summarily dismissed his habeas corpus petitions because his remedy is appropriately sought in the District of Columbia courts. ECF 1 at pp. 11-12. Gorbey denies that he has an available remedy in the D.C. courts and seeks an order remanding his habeas petition to the Maryland State Circuit Courts where they were dismissed. *Id.* at p. 12. Gorbey also seeks immediate release from custody, "irrevocable asylum in the State of Maryland," and a hearing. *Id.*

The petition must be dismissed. Gorbey's entire claim is premised on his assertion he is in the custody of the State of Maryland; he is not. It is well settled law that defendants convicted of criminal offenses in the D.C. courts are in the legal custody of the Federal Bureau of Prisons. As the Fourth Circuit observed:

> District of Columbia offenders . . . are placed in the BOP's custody by statutory authority, not as a matter of convenience. Section 24–201.26 of the D.C. Code provides that '[a]ll prisoners convicted in the District of Columbia for any offense . . . *shall be committed . . . to the custody* of the Attorney General of the United States or his authorized representative, who shall designate the places of confinements where the sentences of all such persons shall be served.' D.C. Code § 24–201.26.
>
> ***
>
> Congress' enactment of the National Capital Revitalization and Self Government Improvement Act of 1997, 111 Stat. 251; Pub.L. 105–33, (the "Revitalization Act") confirms to us that D.C. Code § 24–201.26 places D.C. offenders into the legal custody of the Attorney General for the duration of his sentence, no matter where the prisoner may be housed. The Revitalization Act effectively closed the District of Columbia Department of Corrections and "transferred [all D.C. felons] to a penal or correctional facility operated or contracted for by the Bureau of Prisons." D.C. Code § 24–101(b). Not only did the Revitalization Act place D.C. offenders in the physical custody of the BOP, but by further "subject[ing] [D.C. offenders] *to any law or regulation applicable to persons committed for*

2

> *violations of laws of the United States* consistent with the sentence imposed, and [by designating] the Bureau of Prisons . . . responsible for the custody, care, subsistence, education, treatment and training of such persons," the Act also vested legal custody in the BOP.

*United States v. Savage*, 737 F.3d 304, 307–09 (4th Cir. 2013) (emphasis in original).

To the extent Gorbey argues that D.C. Code § 24-201.26 is itself a violation of the Constitution, his argument fails. Again, it is well-settled that prisoners do not have a protected right in connection with their assignment to a correctional facility—

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.
>
> Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the state to impose.

*Meachm v. Fano*, 427 U.S. 215, 224-25 (1976).

Gorbey's position that he is "in custody" of any State where the Federal BOP facility in which he is confined is located would, if legally cognizable, provide him with a means to thwart the one-petition limit applicable to habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 and allow him to mount § 2254 challenges in each State where he is confined as a BOP prisoner. Gorbey is not, however, in the legal custody of the State of Maryland; he is in the legal custody of the Federal BOP and may be confined to any BOP facility deemed appropriate for service of his sentence. His assertions regarding illegal extradition across State lines are inapplicable to his assignment to the Federal BOP as a D.C. prisoner. Further, his challenge to the Maryland State court's determination that it does not have jurisdiction to consider his habeas corpus claim does not state a claim for relief under § 2254. "[I]t is not the province of a federal habeas court to

3

reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A State court's determination of its own jurisdiction is not a federal issue, nor does it implicate Gorbey's constitutional rights. *See* 28 U.S.C. § 2254(a) (habeas petition may only be entertained "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings" *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall*, 572 U.S.415, 419-20 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

For the reasons cited this petition must be dismissed. A certificate of appealability shall be declined as Gorbey has not made the requisite showing of the denial of a constitutional right. *See* 28 U. S.C.§ 2253(c)(2), *see also Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.

_April 5, 2019_
Date

_/s/ Richard D. Bennett_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE